A03A2492. ROUSE v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY et al.

(629 SE2d 500)

BARNES, Judge.

In *MARTA v. Rouse*, 279 Ga. 311 (612 SE2d 308) (2005), the Supreme Court reversed our decision in *Rouse v. MARTA*, 266 Ga. App. 619 (597 SE2d 650) (2004), holding that

> a common carrier, in exercising extraordinary care, must stay informed of safety advances in product design, but is not held to a *per se* rule that requires those carriers to buy and incorporate those safety advances into previously-purchased, non-defective products. The carrier need not necessarily utilize the most approved pattern in use up to that time.

(Citation and punctuation omitted.) *MARTA v. Rouse*, supra, 279 Ga. at 315. Accordingly, Division 2 of our opinion is vacated, and the judgment of the Supreme Court in Division 1 of its opinion is substituted therefor.

The Supreme Court then remanded the case to this court for consideration in light of its holding stated above. The facts are stated in detail in our prior opinion in this case. *Rouse v. MARTA*, supra, 266 Ga. App. at 620-623 (3). Having reconsidered Rouse's appeal in light of the Supreme Court's holding, we find that the trial court did not err by finding no evidence existed that MARTA and Millar knew or should have known of any malfunctioning of the escalator in question. *Sparks v. MARTA*, 223 Ga. App. 768, 769-770 (2) (478 SE2d 923) (1996).

The record shows that the defendants had a program of inspection for and repair of any problems with the escalator and that the escalator had been inspected the day of the incident. Moreover, the record shows that before Rouse's foot was removed from the escalator, "all the comb plates were intact." The statement of Rouse and her cousin about defects in the escalator reflect observations after Rouse's foot was caught in the escalator and while efforts were being made to remove her foot. In particular, the cousin's statement that the "escalator" had "chips and cracks" was about the escalator, and not the comb plate. Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed. Ruffin, C. J., Andrews, P. J., Johnson, P. J., Blackburn, P. J., Smith, P. J., Miller, Ellington, Phipps, Mikell, Adams and Bernes, JJ., concur.*

DECIDED MARCH 27, 2006 —
RECONSIDERATION DENIED APRIL 13, 2006.

Andrew J. Hinton, Jr., for appellant.
Lokey & Smith, Malcolm Smith, Kevin A. Doyle, G. Melton Mobley, for appellees.